UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

DOMINIC A. CALDERON,

    Petitioner,

v.                                                                  Civ. No. 19-934 WJ/GJF

RICHARDO MARTINEZ,

    Respondent.

## ORDER REGARDING HABEAS PETITION

THIS MATTER is before the Court on Petitioner's "Petition for Writ of Certiorari to the *Twelfth District Court of New Mexico*" [ECF 1] (emphasis added) ("Petition"). As explained below, the Court will require Petitioner to either withdraw or amend his Petition.

## I. BACKGROUND

In April 2006, Petitioner pleaded no-contest in the Twelfth District Court of New Mexico to two counts of criminal sexual penetration. *See* ECF 1 at 5, 12-13. The state court initially sentenced him to six years imprisonment, followed by two years of parole. *Id.* at 5, 14. In December 2006, however, the state court amended this sentence by, among other things, requiring Petitioner to "serve and indeterminate period of supervised parole for a period of not less than five (5) years and not in excess of twenty (20) years." *Id.* at 6, 20. Petitioner never directly appealed this judgment. *See id.* at 25. Furthermore, there was no substantive activity in this case until August 2019—over 12 years later—when Petitioner filed a state habeas petition in state court, arguing that the court lacked jurisdiction to correct his sentence. *See id.* at 5-11, 21-22; *State of N.M. v. Caldron*, D-1215-CR-200400528 (Petitioner's state court criminal case).[1]

---

[1] The Court also searched for Petitioner's name and birth date in the state court electronic filing system (https://caselookup.nmcourts.gov) and confirmed that he did not inadvertently file a tolling motion in another case.

In August 2019, the state court denied Petitioner's state habeas petition, *see* ECF 1 at 21-23, and there are no records in the federal or state court dockets indicating that Petitioner ever appealed this denial. In October 2019, Petitioner's filed the instant Petition, challenging the indeterminate period of parole. *See id.* at 1-2, 28.

## II. ANALYSIS

The proper vehicle for challenging a *state* sentence in *federal* court is a motion under 28 U.S.C. § 2254. *See McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 812 (10th Cir. 1997). This Court, however, "may not recharacterize a *pro se* litigant's motion as a request for relief under § 2254—unless [it] first warns the *pro se* litigant about the consequences of the recharacterization, thereby giving the litigant an opportunity to contest the recharacterization, or to withdraw or amend the motion." *Castro v. U.S.,* 540 U.S. 375, 382 (2003). Consequently, the Court hereby notifies Petitioner that it intends to both recharacterize his Petition as his "first § 2254 motion" and to rule on such a motion. *Id.* at 383. Before doing so, however, the Court will (1) warn Petitioner that such a recharacterization would means that "any subsequent § 2255 motion will be subject to the restrictions on 'second or successive' motions" and (2) provide Petitioner a 30-day opportunity to "withdraw the motion or to amend it so that it contains all the § 2255 claims he believes he has." *Id.*; *see also In re Cline,* 531 F.3d 1249, 1251 (10th Cir. 2008) (observing that "[a] district court does not have jurisdiction to address the merits of a second or successive . . . § 2254 claim until [the Tenth Circuit] has granted the required authorization").

If this Petition were recharacterized as § 2255 motion, it would likely be time-barred. Section 2255 motions must generally be filed within one year after the Petitioner's conviction becomes final. 28 U.S.C. § 2244(d); *see also id.* (discussing circumstances in which this period can be extended); *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000) (discussing when

2

equitable tolling may be available). Because Petitioner did not appeal the December 2006 amended judgment, the conviction and sentence became final no later than January 2007. *See Locke v. Saffle*, 237 F.3d 1269, 1271-1273 (10th Cir. 2001) (observing that, for purposes of § 2254, the conviction becomes final upon the expiration of the appeal period); N.M. R. App. P. 12-201 (providing that a notice of appeal must be filed within 30 days after entry of the judgment). Consequently, because there was no tolling activity during the next year, the one-year period expired in January 2008. Any state habeas petitions filed after that date did not—as Petitioner may believe—restart the clock or otherwise impact the expired limitations period.[2]

Furthermore, this Petition, if recharacterized, it would also likely be unexhausted. "A habeas petitioner is [also] generally required to exhaust state remedies" before obtaining relief "under § 2254." *Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000). "The exhaustion requirement is satisfied if the federal issue has been properly presented to the highest state court, either by direct review of the conviction or in a postconviction attack." *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994). Although Petitioner attached the relevant state-court rulings to his Petition, none of them were issued by the New Mexico Supreme Court. *See also* D-1215-CR-2004-0528 (confirming that Petitioner never appealed the state court's order denying his state habeas petition). And "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief … the judge must dismiss the petition." Habeas Corpus Rule 4; *see also United States v. Mitchell*, 518 F.3d 740, 746 (10th Cir. 2008) (noting that "time bar and . . . exhaustion of state remedies … may be raised by a court sua sponte").

---

[2] *See Gunderson v. Abbott,* 172 Fed. App'x 806, 809 (10th Cir. 2006) ("A state court [habeas] filing submitted after the ... [one-year] deadline does not toll the limitations period."); *Fisher v. Gibson*, 262 F.3d 1135, 1142-43 (10th Cir. 2001) (concluding that a Petitioner's "[§ 2254] petitions cannot be tolled for time spent in state post-conviction proceedings because the applications for post-conviction relief were not filed until after … end of the limitations period").

**III. CONCLUSION**

**IT IS THEREFORE ORDERED** that that, <u>**no later than March 23, 2020**</u>, Petitioner shall either (1) withdraw his Petition or (2) amend his Petition to include all the § 2254 claims he believes he has—showing cause as to why such claims should not be dismissed as time-barred or unexhausted. Any amended petition must also be accompanied by the $5.00 habeas filing fee or, alternatively, an Application to Proceed in District Court Without Prepaying Fees or Costs. Failure to timely respond to this order may result in the recharacterization and dismissal of the Petition.

**IT IS FURTHER ORDERED** that the Clerk's Office shall **MAIL** Petitioner copy of the following forms: (1) Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody and (2) Application to Proceed in District Court Without Prepaying Fees or Costs.

**SO ORDERED.**

*/s/*
THE HONORABLE GREGORY J. FOURATT
UNITED STATES MAGISTRATE JUDGE